UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20198-CR-ALTONAGA/DAMIAN

UNITED STATES OF AMERICA,

v.

MARSHALL VIVIAN HARRIS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Reference from the Honorable Cecilia M. Altonaga, Chief United States District Judge, to conduct a proceeding for acceptance of guilty plea by Defendant, Marshall Vivian Harris ("Defendant") [ECF No. 20]. Based upon the change of plea hearing conducted on September 13, 2023, the undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of his right to have these proceedings conducted by Judge Altonaga, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Reference from Judge Altonaga. I further advised Defendant that Judge Altonaga would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Altonaga. Defendant, who stated that he had discussed his right to have the hearing conducted by the District Judge with his attorney and the Assistant United States Attorney, consented on the record to the undersigned conducting the change of plea hearing.

2. Defendant was placed under oath and appeared before the undersigned personally in open court. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges and in accordance with Federal Rule of Criminal Procedure 11.

3. Defendant was advised of his rights as set forth in Federal Rule of Criminal Procedure 11(b)(1)(B)–(E), and he acknowledged that he understood those rights, discussed them with his counsel, and is knowingly and voluntarily waiving them.

4. Defendant indicated he is knowingly and voluntarily pleading guilty to Count 5 of the Indictment filed in this case, which charges him with possession of a machinegun in violation of Title 18, United States Code, Section 922(o)(1). [ECF No. 6]. I advised Defendant the maximum penalty the Court may impose, pursuant to Title 18, United States Code, Section 924(a)(2), is a term of up to 10 years imprisonment, followed by supervised release of up to 3 years. I further advised Defendant that, in addition to any term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, may order forfeiture and restitution, and will assess a mandatory special assessment of $100, which is due at the time of sentencing. Defendant acknowledged that he understands the possible penalties the Court may impose, including the statutory maximum penalties that could be imposed, as well as forfeiture.

5. Defendant also acknowledged that he understands the Sentencing Guidelines and that he has discussed with his attorney the applicable guidelines range, as well as applicable departures.

6. Defendant stated that his decision to plead guilty is voluntary and not the result of force, threats, or promises.

7. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. [ECF No. 22]. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant and his counsel agreed that the facts proffered by the Government satisfy all elements of the crime charged, and Defendant and his counsel agreed the Government had provided evidence in discovery that supports the facts proffered by the Government.

8. The parties entered into a written plea agreement that was thereafter filed with the Court. [ECF No. 23]. The plea agreement includes certain terms agreed by the parties.

9. I reviewed the terms of the respective written plea agreements on the record, including the following: Defendant will plead guilty to Count 5 of the Indictment, and the Government will seek dismissal of Counts 1–2 and 6–9 of the Indictment after sentencing; the parties agree that they will jointly recommend at sentencing that the Court reduce by two levels the applicable Sentencing Guidelines level based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility; and the parties agree that, if at the time of sentencing, Defendant's offense level is determined to be 16 or greater, the United States Attorney's Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, as long as Defendant complies with the obligations set forth in the plea agreement.

10. There were no other agreements regarding the application of the Sentencing Guidelines or other enhancements or reductions that may be raised at the time of sentencing.

11. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney.

12. Defendant further acknowledged that he understands that in the event the District Judge does not accept the parties' recommendations or sentences him to terms that are greater than he anticipated, that will not be grounds for withdrawal of his guilty plea.

13. Defendant acknowledged that he agrees to forfeit to the United States, voluntarily and immediately, any right, title, and interest in any firearms and ammunition involved in or used in the commission of the offense, pursuant to Title 18, United States Code, Section 924(d)(1), as set forth in paragraph 9 of the plea agreement. Defendant acknowledged that he has agreed to cooperate with the Government in the forfeiture of the aforementioned property.

14. Defendant acknowledged that he agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court and that he knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. Defendant further acknowledged that he agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a), and any appeal of the forfeiture. The undersigned finds Defendant's waiver of Eighth Amendment rights was knowing and voluntary.

15. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charge and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

16.     Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count 5 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

17.     A pre-sentence investigation report will be prepared for the District Court by the United States Probation Office. The sentencing date will be set by separate order.

18.     Although this Report and Recommendation is entered this 14th day of September, 2023, the undersigned announced the Recommendation herein on the record at the change of plea hearing on September 13, 2023, and, therefore, this Recommendation is effective as of that date.

The parties will have five (5) calendar days from the date of the change of plea hearing (September 13, 2023) within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 14th day of September 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga, *Chief U.S. District Judge*
Counsel of Record